John O. Reynolds v. Commissioner.
Reynolds v. Commissioner
Docket No. 38116.
United States Tax Court
1953 Tax Ct. Memo LEXIS 43; 12 T.C.M. (CCH) 1346; T.C.M. (RIA) 53380; November 30, 1953
*43 Respondent's disallowance of $11,000 of a $26,872.68 deduction, taken by petitioner for "travel expenses, etc." on his 1946 income tax return, is upheld because of petitioner's failure to introduce evidence to overcome this determination. John O. Reynolds, 48 Elm Street, Warrensburg, N. Y., pro se. Francis J. Butler, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax for the year 1946 of $12,707.93 asserted against John O. Reynolds (hereinafter referred to as the petitioner). The sole issue to be determined is whether petitioner should be allowed a deduction for traveling expenses and various selling commissions in the amount of $26,872.68. Various other issues raised by the deficiency notice have been settled by stipulation of the parties. Findings of Fact Petitioner is an individual, residing at Warrensburg, New York, and he filed his income tax return for the year here involved with the collector of internal revenue for the fourteenth district of New York. Petitioner was engaged in the lumber business as a sole proprietor. He reported total receipts from sales for 1946 *44 of $557,270.43 on his return for that year. In a schedule attached to his income tax return, under the heading "Other Costs", he claimed a deduction of $26,872.68 for "Traveling Expenses, etc.". A portion of this amount was paid as commissions in order to secure contracts for the sale of lumber. The respondent has disallowed $11,000 of this amount for lack of substantiation. Opinion RICE, Judge: The petitioner has failed to produce any satisfactory evidence to overcome the presumption of correctness which attaches to the statutory notice of deficiency. Other than his statement that the entire amount claimed as a deduction on his return was spent for traveling expenses and for commission payments to secure contracts, we have no evidence in the record on which we could determine the correctness of these amounts. The fact that payments were made in cash cannot relieve him of the duty of producing receipted bills or other evidence which will substantiate a claim for the deduction of $26,872.68. The respondent states that all but $11,000 of the total amount claimed has been allowed to the petitioner by the application of the Cohan rule. *45 (C.A. 2, 1930). We do not find this to be unreasonable. Decision will be entered under Rule 50.